IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARY CANTRELL<br>PLAINTIFF, | § § § | |
| VS. | § § | CIVIL ACTION NO. 7:23-CV-111 |
| UNITED STATES POSTAL<br>SERVICE AND UNITED STATES<br>OF AMERICA<br>DEFENDANTS. | § § § § | JURY TRIAL DEMAND |

PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mary Cantrell, hereinafter called Plaintiff, complaining of and about The United States Postal Service and The United States of America hereinafter called Defendant, and for cause of action shows unto the Court the following.

PARTIES AND SERVICE

1. Mary Cantrell is an individual that resides in Wichita Falls, Wichita County, Texas. Plaintiff was at all times in relation to this suit an invitee.

2. Defendant, United States Postal Service, an agency of the United States government, pursuant to Federal Rule of Civil Procedure 4(i), may be served with service of process by serving a copy of the summons and complaint to

the United States Attorney for the Northern District of Texas, Leigha Simonton at the following: 1100 Commerce Street, Third Floor, Dallas, Texas 75242 and by sending a copy of the summons and complaint by certified mail to Hon. Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

3. Defendant, United States of America, pursuant to Federal Rule of Civil Procedure 4(i), may be served with service of process by serving a copy of the summons and complaint to the United States Attorney for the Northern District of Texas, Leigha Simonton at the following: 1100 Commerce Street, Third Floor, Dallas, Texas 75242 and by sending a copy of the summons and complaint by certified mail to Hon. Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## JURISDICTION, VENUE AND NOTICE

4. This Court has jurisdiction over the lawsuit because the action arises under federal Tort Claims Act, (28 U.S.C. § 1346 (b)) and it involves the United States Postal Service, a federal agency of the United States of America.

5. Venue is proper in this Court because all facts giving rise to this Civil Action occurred in Wichita Falls, Wichita County, Texas.

6. Plaintiff, Mary Cantrell presented her notice of claim, Standard Form 95, within two (2) years from the date the claim accrued. Pursuant to Federal Tort Claims Act, 39 C.F.R. 912.4, and all other applicable statutes, more than six (6) months have elapsed since Mary Cantrell's claim was first presented to the United States Postal Service and they have failed to make a final disposition of the claim. Accordingly, Plaintiff now brings this lawsuit for injuries and damages he has sustained.

## CONDITIONS PRECEDENT

7. All conditions precedent to filing suit have been met.

## FACTUAL SUMMARY

8. On or about the 20th day of October 2021, Plaintiff visited the Downtown United States Postal Service at 1000 Lamar Street, Wichita Falls, Texas to retrieve her mail from her P.O. Box. While entering the post office, Plaintiff slipped on a freshly mopped, wet floor. The wet floor sign was not properly placed to warn the entering customers of the wet floor. Kristin from House Keeping assisted Plaintiff after her fall and acknowledged the "wet

floor sign" was not visible to entering customers at that particular entrance. Plaintiff fell, slamming to the floor causing serious bodily injury.

## CAUSES OF ACTION

**Count one-Negligence:**

9. Plaintiff would show unto the Court and Jury that the incident described hereinabove and Plaintiff's injuries and damages were caused by the negligence of "Kristin with House Keeping," including, but not limited to, the following:

1) In failing to warn invitees, such as Plaintiff, of the hazardous conditions on the post office's premises;

2) In failing to recognize and remediate hazards;

3) In failing to eliminate or remove the unsafe and unreasonably dangerous condition which caused a hazard to its invitee;

4) In failing to properly place the wet floor sign so unsuspecting customers received notice the floor was wet;

5) In failing to properly warn customers

6) Such other and further acts of negligence which may be shown after discovery in this cause;

7) Each of the above and forgoing acts of negligence was a direct and proximate cause of Plaintiff's injuries and damages.

**Count two-Premises Liability:**

10. Housekeeper Kristin knew or should have known of a condition of the premises that posed an unreasonable risk of harm, including the following, among others:

> 1) Failing to provide a safe pathway of the entrance to the post office;
>
> 2) Failing to recognize and remediate hazards;
>
> 3) Failing to properly warn of known hazards;
>
> 4) In failing to properly place the wet floor sign.

11. Defendants failed to use or exercise ordinary care to protect Plaintiff from the danger, both of failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe.

## DAMAGES

12. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered serious and disabling injuries to her right foot, left knee, lower back, left leg, neck, right should and left elbow. Plaintiff requests the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements

of damages, provided by law, Plaintiff is entitled to have the Court in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for her injuries, disabilities, damages, and losses incurred and to be incurred. The elements of Plaintiff's damages are as follows:

1) Emotional distress and mental anguish suffered in the past, and which in all likelihood will be suffered in the future.

2) Physical pain and suffering in the past and which Plaintiff will in all likelihood suffer in the future.

3) Reasonable and necessary cost for medical care and treatment which the Plaintiff has incurred in the past and which she will in all likelihood incur in the future.

4) Physical impairment.

5) Other damages which are the proximate result of the fall and the Defendant's negligence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff recover the following:

a. Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

b.  Prejudgment interest, at the legal rate, on damages that have been accrued by the time of judgment;

c.  Interest after judgment at the legal rate per annum until paid;

d.  Cost of suit; and,

e.  Such other relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: /s/ Carolyn Ostovich
**Carolyn Ostovich**
State Bar No.: 04662020
**David Rasmussen**
State Bar No.: 24091176

**OSTOVICH & ASSOCIATES, P.C.**
Centre Point Bldg
900 Scott Street, Suite 205
P.O. Box 8305
Wichita Falls, Texas 76307-8305
Tel: 940-761-2000
Fax: 940-322-8580
attorney@ostovichlaw.com

ATTORNEYS FOR THE PLAINTIFF